Justice Stevens,
with whom Justice Ginsburg and Justice Sotomayor join, concurring.
In his dissenting opinion, Justice Thomas argues that today’s holding is not entirely consistent with the controlling opinions in Lockyer v. Andrade, 538 U. S. 63 (2003), Ewing v. California, 538 U. S. 11 (2003), Harmelin v. Michigan, 501 U. S. 957 (1991), and Rummel v. Estelle, 445 U. S. 263 (1980). Post, at 102-105. Given that “evolving standards of decency” have played a central role in our Eighth Amendment jurisprudence for at least a century, see Weems v. United States, 217 U. S. 349, 373-378 (1910), this argument suggests the dissenting opinions in those cases more accurately describe the law today than does Justice Thomas’ rigid interpretation of the Amendment. Society changes. Knowledge accumulates. We learn, sometimes, from our mistakes. Punishments that did not seem cruel and unusual at one time may, in the light of reason and experience, be found cruel and unusual at a later time; unless we are to abandon the moral commitment embodied in the Eighth Amendment, proportionality review must never become effectively obsolete, post, at 103-104, and n. 2.
While Justice Thomas would apparently not rule out a death sentence for a $50 theft by a 7-year-old, see post, at 100, 106, n. 3, the Court wisely rejects his static approach to the law. Standards of decency have evolved since 1980. They will never stop doing so.